IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-CR-162-JFH |
| CHRISTOPHER ADAM BANSCHBACH, BRITTANY MARIE CAGLE, RICKY EDWARD HALL, CHRISTINA GAIL POOL, and JOSHUA LEVI KENDRICK, | |
| Defendants. | |

## OPINION AND ORDER

Before the Court is an omnibus motion in limine ("Motion") filed by Defendant Christopher Adam Banschbach ("Banschbach"). Dkt. No. 98. Banschbach states that the United States of America ("Government") opposes the Motion. *Id.*

The Court today addresses only the first section of the Motion, which concerns pretrial disclosure of co-conspirator statements under Rule 801(d)(2)(E).[1] Banschbach requests the Court order the Government to provide "a proffer specifically identifying each and every coconspirator statement it intends to offer at trial as evidence against the defendants pursuant to Rule 801(d)(2)(E) F.R.Evid. and stating how each proffered statement satisfies the requirements of Rule

---

[1] The second and third parts of the Motion are premature and/or inappropriate at this time. Specifically, the Court's Chambers Rule 8(d) requires that any motion in limine filed concern specific evidence and discourages parties from filing motions in limine requesting an order that the parties be required to follow applicable law. The Motion acknowledges that several of its propositions do not concern specific evidence. Dkt. No. 98 at 3. The Motion further requests the Court order the Government to comply with applicable law, including the Federal Rules of Evidence; *Crawford v. Washington*, 541 U.S. 36 (2004); and *Bruton v. United States*, 391 U.S. 123 (1968). The Government states in its response that it cannot appropriately respond to Defendant's concerns without knowing the specific evidence at issue and confirms its awareness of its obligations under applicable law. Dkt. No. 107. The fourth part of the Motion, concerning alleged gang affiliations, will be addressed in a separate Opinion and Order.

801(d)(2)(E)." Dkt. No. 98 at 9-10 (quoting *United States v. Castillo*, 2021 WL 1671672 at *2 (E.D. Okla. Apr. 28, 2021)). Banschbach also requests that after the Government provides this proffer, the Court "order a *James* hearing to address the admissibility of the statements, including whether the Government has succeeded in establishing by a preponderance, using independent evidence, that a conspiracy existed at the time of the statements." *Id.* at 11.

In a conspiracy case like this one, "[s]tatements by a party's coconspirator made 'during and in furtherance of the conspiracy' are excluded from the definition of hearsay and admissible against all coconspirators." *United States v. Stein*, 985 F.3d 1254, 1268-69 (10th Cir. 2021) (quoting Fed. R. Evid. 801(d)(2)(E)). Before a statement may be admitted, the Court must make preliminary findings by a preponderance of the evidence that (1) a conspiracy existed, (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy, and (3) the statement was made in the course of and in furtherance of the conspiracy. *Id.*

"Although we have repeatedly indicated our strong preference for *James* proceedings when the government relies on co-conspirator statements, it remains within the district court's discretion to either hold such a hearing or ... provisionally admit the evidence subject to the eventual laying of a sufficient foundation." *United States v. Goodwin*, 433 F. App'x 636, 640 (10th Cir. 2011). The submission of a summary or proffer by the Government will also facilitate the Court's ultimate decision whether to conduct a hearing at all.

District courts in the Tenth Circuit routinely order proffers ahead of deciding of whether to hold a *James* hearing. *See United States v. Castillo*, 2021 WL 1671672 (E.D. Okla. Apr. 28, 2021); *United States v. De La Rosa-Calderon*, 2021 WL 124183 (D. Colo. Jan. 13, 2021); *United*

*States v. Bernal Lopez*, 17-CR-122-SLP, Dkt. No. 184 at 4 (W.D. Okla. Aug. 22, 2017); *United States v. Stancle*, 2016 WL 2858861 (N.D. Okla. May 16, 2016). This Court shall as well.

IT IS THEREFORE ORDERED that no later than May 5, 2023, the Government shall file a proffer specifically identifying each and every coconspirator statement it intends to offer at trial as evidence against the defendants pursuant to Rule 801(d)(2)(E) and stating how each proffered statement satisfies the requirements of the Rule. With respect to each alleged coconspirator statement, the Government must indicate:

(a) the identity of the coconspirator who made the alleged statement;

(b) the identity of the person or persons to whom the coconspirator statement was made;

(c) the content of the coconspirator statement;

(d) when the statement was made;

(e) how the statement is in the course of the alleged conspiracy; and

(f) how the statement is in furtherance of the alleged conspiracy.

Additionally, the Government must identify the independent evidence it intends to offer in support of admission of the alleged coconspirator statements. Any defendant may file a response no later than May 12, 2023. The Government may then file a reply no later than May 19, 2023. At that point, the Court will be in a better position to determine whether any pretrial action, including a *James* hearing, is necessary.

Dated this 27th day of April 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE