IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER ADAM BANSCHBACH,<br><br>Defendant. | Case No. 22-CR-162-JFH-1 |

**OPINION AND ORDER**

Before the Court is an omnibus motion in limine [Dkt. No. 98][1] and 404(b) objection related to the same evidence [Dkt. No. 99] filed by Defendant Christopher Adam Banschbach ("Defendant"). For the reasons stated, the Court DENIES the motion in limine and OVERRULES the objection.[2]

**BACKGROUND**

Five (5) defendants are indicted in this case for ten (10) counts of various drug conspiracy, possession with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, felon in possession of a firearm, and possession with intent to distribute fentanyl. Dkt. No. 2. Defendant is named in only Count One, which charges him with drug conspiracy to distribute methamphetamine. *Id.* at 2-5. The indictment alleges that Defendant is an inmate in Davis Correctional Facility in Holdenville, Oklahoma, and is a member of the

---

[1] The Court entered a separate Order on the first proposition of the motion. Dkt. No. 113. As explained there, the second and third propositions are premature and/or inappropriate at this time. *Id.*

[2] For purposes of this Order, the Court will cite the objection [Dkt. No. 99] when it references Defendant's arguments. However, as Defendant notes on the first page of the objection, the objection is duplicative of the motion. *Id.* at 1.

Universal Aryan Brotherhood ("UAB"), a prison-based gang. *Id.* at 1. It also alleges other defendants are members or known affiliates of the UAB. *Id.* at 1-2.

The Government filed a notice under Federal Rule of Evidence 404(b) stating:

> During the trial, the Government intends to offer evidence showing that defendants Banschbach and Hall are members of a Universal Aryan Brotherhood (UAB), that defendant Cagle was affiliated with the Universal Aryan Brotherhood (UAB), and that defendants Pool and Kendrick were knowingly working on behalf and in support of the Universal Aryan Brotherhood (UAB). The Universal Aryan Brotherhood is a prison-based gang that engages in the distribution of narcotics and firearms throughout Oklahoma and elsewhere. The UAB regularly engages in acts of violence towards its own members and rival distributors of narcotics, traffics in firearms and traffics in narcotics.

Dkt. No. 94 at 1. The Government contends that evidence related to the UAB is intrinsic evidence inextricably intertwined and/or a necessary preliminary to the charged conduct, but it filed the notice in an abundance of caution in case the Court determined that the evidence is extrinsic. *Id.* at 2. For purposes of evaluating the evidence under Rule 404(b), the Government claims the gang affiliations prove motive, opportunity, intent, plan, knowledge, identity, and absence of mistake or accident. *Id.* at 3.

The Government provides additional detail in its response to Defendant's motion in limine. Dkt. No. 107. It "anticipates that testimony will show that [Defendant] is a high-ranking member within this prison gang, and that he used his connections within the prison gang in order to facilitate the distribution of methamphetamine and organize the efforts of the conspiracy." *Id.* at 4. It also anticipates testimony will show at least one other defendant's "role in the drug conspiracy was tied to [UAB] membership" because he "acted as a representative of the prison gang during drug transactions." *Id.* The Government states it plans to limit the evidence it introduces to evidence showing the UAB "is a prison gang, evidence that shows to connection of various members to this

gang, and evidence of the relationship between this gang to the behavior of the specific charged conspiracy." *Id.* at 5.

Defendant disputes the relevancy of the evidence, claiming that the Government's filing "has not given notice of any act of Mr. Banschbach . . . [because m]embership in a gang is not an 'other act;'" that "use of the terms UAB or 'gang' is not relevant to whether a drug conspiracy existed;" that "a drug conspiracy can be proven without there being any 'gang' or specifically the UAB involved . . . [because] not all drug conspiracies are gang-related, and therefore the government's statement that the UAB is 'inextricably intertwined and/or a necessary preliminary to the charged conduct' is not true;" and that admission of gang evidence would be unfairly prejudicial because the term is inflammatory and "the jury will believe . . . that the defendant is a violent and dangerous individual who deserves to be found guilty regardless of evidence." Dkt. No. 99 at 2-9.

## AUTHORITY AND ANALYSIS

### I. Intrinsic Evidence

When considering admissibility of prior bad acts, the Court must "distinguish between evidence that is extrinsic or intrinsic to the charged crime." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) (citing *United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir. 1992), *abrogated on other grounds as recognized in United States v. Bell*, 154 F.3d 1205, 1209-10 (10th Cir. 1998)). Intrinsic evidence is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United States v. Murry*, 31 F.4th 1274, 1290-91 (10th Cir. 2022) (quotations omitted). It takes many forms, such as evidence that:

- Is "inextricably intertwined with the charged conduct;"
- Occurs "within the same time frame as the activity in the conspiracy being charged;"

3

- Is "a necessary preliminary to the charged [crimes];"

- Provides "direct proof of the defendant's involvement with the charged crimes;"

- Is "entirely germane background information, directly connected to the factual circumstances of the crime;" or

- Is "necessary to provide the jury with background and context of the nature of the defendant's relationship to [other actors]."

*United States v. Cushing*, 10 F.4th 1055, 1075-76 (10th Cir. 2021) (citing *Kupfer*, 797 F.3d at 1238). If the Court determines evidence is intrinsic, it must conduct a Rule 403 analysis to determine that the evidence's probative value is not substantially outweighed by the danger of unfair prejudice. *Irving*, 665 F.3d at 1212. This is not a high bar, as "our law favors admission of all relevant evidence not otherwise proscribed [and] exclusion under [Rule 403] is an extraordinary remedy that should be used sparingly." *Id.* at 1213 (emphasis removed); *Murry*, 31 F.4th at 1291 (same). Gang affiliation may or may not be unduly prejudicial, depending on its relevance to the case. *Compare United States v. Roark*, 924 F.2d 1426, 1434 (8th Cir. 1991) *with United States v. Jobson*, 102 F.3d 214, 221 (6th Cir. 1996).

The Court agrees with the Government that UAB evidence is intrinsic to the allegations in the indictment, especially insofar as it evidences the nature of the alleged coconspirators' relationships. As the Government explains in its response, the evidence of gang activity is probative of "how and why defendant Banschbach was able to organize and operate a drug conspiracy in Muskogee, Oklahoma, from his prison cell in Holdenville, Oklahoma." Dkt. No. 107 at 5. The organized crime dynamic of the UAB is directly connected and inextricably intertwined with the drug conspiracy alleged in the indictment.[3]

---

[3] Defendant's argument that "not all drug conspiracies are gang-related, and therefore the government's statement that the UAB is 'inextricably intertwined and/or a necessary preliminary to the charged conduct' is not true" [Dkt. No. 99 at 5] misconstrues the relevant evaluation. The

Having concluded that the evidence is intrinsic, the Court must next evaluate Rule 403, which allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Government "concedes mere membership in the [UAB] carries some prejudice" but asserts the prejudice is substantially outweighed by the probative value of explaining the logistics of an alleged prison-based drug ring. Dkt. No. 107 at 5.

The Court agrees that the moderate prejudice of gang affiliation does not substantially outweigh the probative value of the UAB evidence as germane background information directly connected to the factual circumstances of the charged conduct. *See United States v. Weaver*, Case No. 21-CR-514-JFH, Dkt. No. 35 at 3 (N.D. Okla. Jan. 4, 2022) (admitting Hell's Angels gang affiliation where it was "directly connected to the manner and means by which Defendant could effectuate" the charged conduct); *United States v. Brown*, 200 F.3d 700, 708-09 (10th Cir. 1999) (affirming admission of gang affiliation where involvement went to "the issues of identity, joint venture and existence of a conspiracy" and "illuminate[d] the relationship" between defendants and witnesses). Evidence of Defendant's UAB affiliation is admissible.

## II. Extrinsic Evidence and Rule 404(b)

Even if construed to be extrinsic evidence, Defendant's UAB affiliation would still be admissible. Extrinsic evidence "is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *Murry*, 31 F.4th at 1291. If the Court determines the evidence at issue is extrinsic, it must conduct a Rule 404(b) analysis. *Kupfer*, 797 F.3d at 1238.

---

determination is factual, not legal. *See Murry*, 31 F.4th at 1290 ("Intrinsic evidence is "directly connected to the *factual circumstances* of the crime and provides contextual or background information to the jury." (emphasis added)).

>Rule 404(b) provides, in pertinent part:
>
>>Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.…
>>
>>This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). There are four factors to assess admissibility under 404(b): (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) whether the probative value of the evidence is substantially outweighed by the prejudicial effect, and (4) the availability of a limiting instruction. *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

Two initial definitions are useful. Regarding the second factor, Rule 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. And regarding the third factor, "[e]vidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quotation omitted). Rather, it must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* In other words, evidence is unfairly prejudicial if it "tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (emphasis in original) (quotation omitted). "In weighing the probative value of evidence against unfair prejudice, district courts must give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Murry*, 31 F.4th at 1291 (internal quotations omitted).

The Government states it would offer the UAB evidence for the proper purposes of motive, opportunity, intent, plan, knowledge, identity, and absence of mistake or accident. Some of these bases are stronger than others, but overall, the Court concludes that the evidence would be admitted for proper non-propensity purposes of explaining the opportunity, plan, and identity of the coconspirators. The relevance of the evidence is clear. It does not have a strong risk of affecting adversely the jury's attitude to Defendant wholly apart from its judgment as to his guilt or innocence. Finally, the Court will provide a limiting instruction if requested.

## CONCLUSION

IT IS THEREFORE ORDERED that the motion in limine filed by Defendant Christopher Adam Banschbach [Dkt. No. 98] is DENIED as to gang affiliation.

IT IS FURTHER ORDERED that the objection filed by Banschbach [Dkt. No. 99] is OVERRULED.

DATED this 1st day of May 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE